PEOPLE v ANTERIO WILLIAMS

Docket No. 224892. Submitted November 9, 2000, at Lansing. Decided January 2, 2001, at 9:05 A.M.

Anterio R. Williams was charged in the Jackson Circuit Court with assault with intent to do great bodily harm less than murder and being a third-offense habitual offender. Although the victim, the defendant's girlfriend, testified at the preliminary examination and an evidentiary hearing, she failed to appear to testify at the trial, despite being served a subpoena to appear. The court, Alexander C. Perlos, J., after concluding that the victim did not want the defendant to be prosecuted for the assault and that the offense was a private crime rather than a public crime, dismissed the charges. The prosecution appealed, alleging that the trial court should have granted a continuance and issued a bench warrant for the victim or allowed the prosecution to proceed with the trial using the victim's testimony from the preliminary examination and evidentiary hearing.

The Court of Appeals *held*:

1. The court usurped the prosecutor's exclusive authority to decide whom to prosecute and committed a violation of the constitutional separation of powers. The court's decision constituted an invasion of the prosecutorial prerogative and was an abuse of the court's judicial authority.

2. Crime victims are not authorized to determine whether the Penal Code has been violated or whether the prosecution of a crime should go forward or be dismissed. The prosecutor alone possesses such authority. The order dismissing the charges must be reversed and the matter must be remanded to allow the prosecutor to reinstate the charges.

Reversed and remanded.

PROSECUTING ATTORNEYS — CIRCUIT COURTS — SEPARATION OF POWERS — CRIME VICTIMS.

Prosecuting attorneys alone possess the authority to determine whether the Penal Code has been violated and whether the prosecution of an accused for the commission of a crime should go forward or be dismissed; prosecution is for the benefit of the public good, not for the benefit of the injured party, and a trial court that

usurps the prosecutor's exclusive authority to decide whom to prosecute violates the constitutional separation of powers and abuses its judicial authority (Const 1963, art 3, § 2; Const 1963, art 7, § 4; MCL 49.153; MSA 5.751).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *John G. McBain*, Prosecuting Attorney, and *Jerrold Schrotenboer*, Chief Appellate Attorney, for the people.

*Robert D. Flack*, for the defendant on appeal.

Before: DOCTOROFF, P.J., and HOEKSTRA and MARKEY, JJ.

HOEKSTRA, J. The prosecution appeals as of right the trial court's order dismissing the charges of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and third-offense habitual offender, MCL 769.11; MSA 28.1083, because the victim, defendant's girlfriend, failed to appear to testify at trial. We reverse and remand.

In this case, the victim appeared at the preliminary examination and testified regarding the events that led to this action. The victim stated that after refusing to leave a bar with defendant, she later was beaten severely in the parking lot and sustained a broken nose, a broken jaw, and numerous fractures in various facial bones. The victim testified that she did not see her attacker, but she thought it was defendant because he had wanted her to leave with him and she earlier had observed him waiting outside the bar. In addition, the victim described other incidents of physical abuse by defendant.

The victim also testified at an evidentiary hearing at which the prosecutor, in accordance with MRE 404(b), moved to admit at trial the victim's testimony

regarding two prior incidents where defendant had beaten the victim. The victim discussed the two prior incidents in detail and stated that defendant has an alcohol problem and that they "both need help." During her testimony, the victim stated repeatedly that she did not want defendant prosecuted for the instant offense. Upon conclusion of the hearing, the trial court ruled that the victim could testify at trial regarding one of the prior incidents.

On the day of trial, the victim failed to appear to testify, despite being served a subpoena to appear. The prosecutor requested that the trial court grant a continuance and issue a bench warrant for the victim. In the alternative, the prosecutor offered to proceed with the trial using the victim's former testimony at the preliminary examination and evidentiary hearing. Defendant objected to both these suggestions and requested that the trial court dismiss the charges against defendant. After concluding that the victim did not want defendant prosecuted and that the present offense was a private crime rather than a public crime,[1] the trial court dismissed the charges.

On appeal, the prosecutor claims that the trial court erred in dismissing the charges against defendant. We agree. This case presents yet another instance where a trial court usurped the prosecutor's exclusive authority to decide whom to prosecute. In so doing, the trial court committed a violation of the

---

[1] The trial court concluded:

This is not really what I would consider a public crime. This is a private crime. . . . But I think that [the victim] also has some rights too. This man [defendant] has rights. [The victim] has rights. If [the victim] wants to commit suicide and not prosecute this fellow, then that's her right, too, and I'm going to dismiss this case.

constitutional separation of powers. See *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683-684; 194 NW2d 693 (1972); *People v Williams*, 186 Mich App 606, 609-612; 465 NW2d 376 (1990); Const 1963, art 3, § 2. In a slightly different context, this Court in *People v Morrow*, 214 Mich App 158; 542 NW2d 324 (1995), exhaustively surveyed the law in this area. That discussion need not be repeated here. The *Morrow* Court concluded that the decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor. *Id.* at 165. In the present case, the trial court's decision constituted an invasion of the prosecutorial prerogative, and therefore the trial court's decision is necessarily an abuse of the trial court's judicial authority.

Further, we take this opportunity to address the merits of the rationale that the trial court offered in support of its dismissal of the charges. The trial court relied on the notion that because the victim and defendant were involved in a personal relationship, this assault amounted to a private, rather than a public, crime. The trial court further opined that it was the victim's right to have the charges dismissed because she had evidenced a desire not to prosecute. This is a notion that has pervaded those criminal cases that are commonly known as domestic assaults, but is a rationale that is unsupported by the law.

Our Legislature enacted the Michigan Penal Code to, among other things, define crimes and prescribe the penalties for crimes. MCL 750.1 *et seq.*; MSA 28.191 *et seq.*; Preamble, 1931 PA 328, amended by 1991 PA 56, § 1. In other words, as a matter of public policy, the code defines what acts are offenses

against the state. The authority to prosecute for violation of those offenses is vested solely and exclusively with the prosecuting attorney. Const 1963, art 7, § 4; MCL 49.153; MSA 5.751. A prosecutor, as the chief law enforcement officer of a county, is granted the broad discretion to decide whether to prosecute or what charges to file. *People v Jackson*, 192 Mich App 10, 15; 480 NW2d 283 (1991); *Williams, supra* at 609. The prosecution is not for the benefit of the injured party, but for the public good. See *Morrow, supra* at 163. Crimes not only injure the victim, but society in general, and the conviction of a crime results not only in a sentence enumerating the punishment in quantitative amounts, but also carries with it society's formal moral condemnation.

Although the prosecutor alone is granted the discretion to determine whether to prosecute an offender, this is not to say that crime victims do not have rights with respect to the prosecution of their offender. We acknowledge that both our constitution and the Crime Victim's Rights Act enumerate rights of crime victims. Const 1963, art 1, § 24; MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.* These provisions "were intended to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." *People v Peters*, 449 Mich 515, 526; 537 NW2d 160 (1995). Moreover, these provisions require, for instance, notice to the victim about the processing of a criminal case and, if requested, notice of any scheduled court proceedings. MCL 780.756; MSA 28.1287(756). The act ensures the victim's participation in the criminal proceedings against the offender, if desired. For example, the act provides that a victim may submit an impact statement for use in the prepa-

ration of the defendant's presentence investigation report and may make an oral impact statement at the defendant's sentencing. MCL 780.764; MSA 28.1287(764), MCL 780.765; MSA 28.1287(765). However, nowhere in the laws of this state have crime victims been given authority to determine whether the code has been violated or whether the prosecution of a crime should go forward or be dismissed.

In the present case, for the trial court to characterize the offense as a private crime and to suggest that the victim has a legal right of any kind to decide whether defendant is prosecuted is clearly inconsistent with the concept of public prosecutions of criminal offenses. Certainly, in the context of civil proceedings for intentional torts, a private party may initiate and pursue a claim through our court system. However, a civil action is completely separate and independent from a criminal action. Put simply, in criminal cases, the prosecutor alone possesses the authority to determine whether to prosecute the accused. *Genesee, supra; Morrow, supra* at 165; *Jackson, supra; Williams, supra.*

Here, despite the victim's failure to appear on the trial date, the prosecutor arguably had a viable basis to proceed by showing that the victim was an unavailable witness. MRE 804(a)(5); MCL 768.26; MSA 28.1049. Rather than dismiss the charges, the trial court should have proceeded to make a determination whether the prosecution had shown due diligence in attempting to procure the victim's attendance at trial. MRE 804(a)(5); *People v Bean,* 457 Mich 677, 684; 580 NW2d 390 (1998). If due diligence were shown, the victim's testimony from the preliminary examination or the evidentiary hearing could have been utilized at

trial if defendant "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(b)(1). Because the trial court erred in dismissing the charges against defendant, and as a result failed to undertake the appropriate analysis to determine whether the victim's former testimony could be utilized in her stead, we must reverse.

Reversed and remanded to allow the prosecutor to reinstate the charges against defendant. We do not retain jurisdiction.