# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

EZELL ROBINSON,

Defendant-Appellant.

UNPUBLISHED
September 13, 2016

No. 327413
Wayne Circuit Court
LC No. 13-007202-01-FH

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. We affirm.

On June 20, 2012, Detroit police officers responded to a call that a large fight was in progress on King Street, and a person had a weapon. The call was subsequently upgraded to "shots fired." Upon arrival, Officer Amy Matelic saw 20 to 25 people in front of a residence, but defendant specifically caught her attention. She noticed defendant look at her and begin to walk away from the scene. As she followed him, defendant looked back at her and walked faster. Finally, when she was closer, Officer Matelic said, "Stop, police." Defendant grabbed the right side of his waistband area and started to run away. Officer Matelic saw "a bulge where he was grabbing onto" and, in her experience, that meant he was most likely armed. Captain Eric Decker also saw defendant reach down to his right side when he started running which, in his experience, signaled a weapon. Officer Matelic ran after defendant, while Captain Decker drove his car to try to cut off defendant's escape route. Officer Matelic saw defendant approach a small, chain-link fence, pull a handgun from the right side of his waistband—the area he had been holding, drop the gun, and continue to run after getting over the fence. Defendant was eventually caught by other police officers and Officer Matelic retrieved the gun that defendant had dropped by the fence. The gun was not fingerprinted because Officer Matelic had observed defendant drop the gun from his hand.

Defendant was subsequently charged with carrying a concealed weapon (CCW), felon-in-possession, and felony-firearm. Defendant stipulated that he was previously convicted of a specified felony and had no right to possess a firearm on the date of the offense. During jury deliberations, a note was sent to the court indicating that the jury could not reach a verdict on the

-1-

CCW charge. A jury instruction was provided regarding the deadlock, but later the jury sent another note to the court indicating that a verdict still could not be reached on the CCW charge. In response, defense counsel requested that a mistrial be declared so that the case could be retried, and the prosecutor moved to dismiss the CCW charge. Defense counsel did not object to the dismissal of the CCW charge and, thus, the charge was dismissed with prejudice. Thereafter, the jury returned guilty verdicts on the remaining counts of felon-in-possession and felony-firearm.

On appeal, defendant argues that "the deadlocked jury should not have been sent back to the jury room to deliberate when the great weight of the evidence demonstrated reasonable doubt as to Defendant's guilt." We disagree.

First, defendant improperly conflates two separate and unrelated inquiries into a single issue. Whether defendant was entitled to a mistrial because the jury was deadlocked with regard to the CCW charge is unrelated to the issue whether the *jury verdict* must be set aside as against the great weight of the evidence. Second, other than citing a couple of cases and general rules about the granting of mistrials in general, defendant does not attempt to establish that the trial court's treatment of the deadlocked jury was erroneous. Instead, the bulk of defendant's argument is that "the guilty verdicts are contrary to the great weight of evidence when the entire record is considered and the prosecution's evidence is not given a presumption of credibility." Accordingly, to the extent that defendant attempted to challenge the trial court's decision to deny his motion for mistrial, such argument is deemed abandoned. An issue is abandoned when an appellant "fail[s] to properly address the merits of his assertion of error." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). In other words, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Further, defendant's claim that the jury verdicts were against the great weight of the evidence was not raised in the trial court in a motion for a new trial; thus, we review this unpreserved issue for plain error affecting substantial rights. See *People v Musser*, 259 Mich App 215, 218; 673 NW2d 800 (2003).

Defendant's convictions on the charges of felon-in-possession and felony-firearm were not against the great weight of the evidence. Defendant stipulated that he was a felon and had no right to possess a firearm on the date of the offense. But defendant's challenge goes to the element of possession. Defendant argues that "the prosecution's proof depended entirely on the credibility of Officer Metalic's inconsistent observations." Similarly, defendant argues that the "allegations in this case were so inherently implausible that they should not have been believed, beyond a reasonable doubt, by a rational jury." We disagree. To the contrary, the evidence of defendant's guilt was unquestionably strong. Defendant was seen by Officer Matelic and Captain Decker grabbing and holding the right side of his waistband area while he was running away from the police. Officer Matelic then saw defendant pull a gun from his waistband—where she had seen the bulge—and drop it to the ground by a fence. She returned to that area after defendant was caught and recovered that gun, which was admitted into evidence. While defendant challenges Officer Matelic's credibility, the jury had the opportunity to observe her testimony and we will not interfere with their determination. See *People v Lemmon*, 456 Mich 625, 646; 576 NW2d 129 (1998). In summary, the jury verdicts on the charges of felon-in-possession and felony-firearm were not against the great weight of the evidence.

Next, defendant argues that the prosecution abused its charging power by withdrawing the CCW charge "prior to the case being submitted to the jury." We disagree.

First, the CCW charge was dismissed *after* the jury remained deadlocked following two further instructions by the trial court. Second, defendant did not object to the dismissal of the CCW charge; thus, this issue was not preserved and our review is for plain error affecting substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

"A prosecutor, as the chief law enforcement officer of a county, is granted the broad discretion to decide whether to prosecute or what charges to file." *People v Williams*, 244 Mich App 249, 253; 625 NW2d 132 (2001). "If warranted by the facts, the prosecutor has the discretion to proceed under any applicable statute." *People v Yeoman*, 218 Mich App 406, 414; 554 NW2d 577 (1996). Further, "the decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor." *Williams*, 244 Mich App at 252. And, "unless there is some reason to conclude that the prosecution's acts were unconstitutional, illegal, or ultra vires, the prosecution's decision whether to proceed with a case is exempt from judicial review." *People v Jones*, 252 Mich App 1, 7; 650 NW2d 717 (2002). In other words, the prosecution only abuses the discretion inherent in its charging power by making a charging decision "for reasons that are 'unconstitutional, illegal, or ultra vires.' " *People v Barksdale*, 219 Mich App 484, 488; 556 NW2d 521 (1996), quoting *People v Morrow*, 214 Mich App 158, 161; 542 NW2d 324 (1995).

Here, defendant has not demonstrated that it was an unconstitutional, illegal, or ultra vires act for the prosecution to charge him with CCW and subsequently dismiss the charge with prejudice. First, the CCW charge was supported by the evidence. Under MCL 750.227(2), a person is not to carry a pistol concealed on or about his person without a license. And both Officer Matelic and Captain Decker testified that they saw defendant grab and hold the right side of his waistband area while he was running away from police which, in their experience, meant that defendant was armed with a gun. Then Officer Matelic saw defendant pull a handgun out from the right side of his waistband area and drop it to the ground, where she later recovered it. Therefore, the prosecution's initial decision to charge defendant with CCW was clearly justified. See *Yeoman*, 218 Mich App at 414.

Second, the prosecution's decision to dismiss the CCW charge with prejudice was within its discretion of determining whether to dismiss or proceed with the case. See *Williams*, 244 Mich App at 252. Defendant has not advanced any argument regarding how the motion for dismissal with prejudice was an unconstitutional, illegal, or ultra vires act. Therefore, defendant has failed to show that the prosecution abused its charging power by dismissing the CCW charge with prejudice. See *Jones*, 252 Mich App at 7; *Barksdale*, 219 Mich App at 488. Moreover, defendant has completely failed to demonstrate how his substantial rights were affected by the dismissal of the CCW charge; he was not convicted of CCW and is not subject to retrial on this charge because it was dismissed with prejudice. Consequently, defendant has not established plain error affecting his substantial rights. See *Carines*, 460 Mich at 763-764.

Finally, defendant argues that his sentences for both felon-in-possession and felony-firearm constituted multiple punishments for the same offense in violation of the double jeopardy

clauses of the federal and state constitutions. We disagree. As defendant notes, our review of this unpreserved issue is for plain error affecting substantial rights. See *id*.

In *People v Calloway*, 469 Mich 448; 671 NW2d 733 (2003), our Supreme Court considered and unequivocally rejected the argument that sentences for both felon-in-possession and felony-firearm violate the protection against double jeopardy. *Id*. at 452. The *Calloway* Court reasoned: "Because the felon in possession charge is not one of the felony exceptions in the [felony-firearm] statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224f, and felony-firearm, MCL 750.227b." *Id*., citing *People v Mitchell*, 456 Mich 693, 698; 575 NW2d 283 (1998). Nevertheless, defendant argues that "[i]f the Leglislature had in mind the felon in possession of a firearm statute when it drafted the felony firearm statute, it would have included the latter as one of the exceptions." However, in *People v Dillard*, 246 Mich App 163; 631 NW2d 755 (2001), this Court rejected a similar argument, holding that the Legislature could "have amended the felony-firearm statute to explicitly exclude the possibility of a conviction under the felony-firearm statute that was premised on MCL 750.224f." *Id*. at 168. Accordingly, defendant has failed to establish plain error affecting his substantial rights. See *Carines*, 460 Mich at 763-764.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood