# STATE OF MICHIGAN

# COURT OF APPEALS

BLANCHE HUDSON,

        Plaintiff,

and

PAT FOSTER,

        Plaintiff-Appellant,

v

JOHN C. KLEUESSENDORF and JOHN T.
BENSON,

        Defendants-Appellees.

UNPUBLISHED
October 11, 2016

No.   327878
Allegan Circuit Court
LC No.   13-052422-NZ

Before:  SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Plaintiff[1] appeals as of right the trial court's grant of summary disposition in favor of defendants on plaintiff's various claims arising from a property dispute.  For the reasons explained in this opinion, we affirm.

Plaintiff and defendants reside across the street from each other on Mallard Street in Fennville, Michigan.  Plaintiff's property was platted as part of Recreation Development Subdivision No. 1 ("the subdivision"), while defendants' home is on property adjacent to the subdivision.  Mallard Street—as accessed through Blue Goose Avenue—provides the only means of access to defendants' property and that of other property similarly adjacent to the subdivision.  Mallard Street is a private drive included in the 1965 plat dedication which created the subdivision.  Notably, the plat dedication specifies that "Blue Goose Avenue and Mallard St. is [sic] dedicated as private to the use of the lot owners *and adjacent property owners.*"

---

[1] Plaintiff Blanche Hudson is not a party to this appeal, and the term "plaintiff" as used in this opinion refers to plaintiff Pat Foster.

-1-

In 2000, plaintiff initiated a lawsuit against Richard Saputo, the former owner of defendants' property, seeking to prevent Saputo from accessing his property via Blue Goose Avenue and Mallard Street. Plaintiff took the position that the streets in question were private roadways solely for use by the subdivision. That case ended when plaintiff voluntarily stipulated to a dismissal with prejudice. In 2003, several property owners in the subdivision sued plaintiff, who had constructed fencing which interfered with use of Mallard Street. In 2005, the Allegan Circuit Court ordered plaintiff to remove the obstructions. The court held that the 1965 plat dedication created an easement over both Blue Goose Avenue and Mallard Street "limited to reasonable ingress and egress throughout the subdivision."

In the present case, plaintiff again seeks to prevent neighbors from using Mallard Street. In particular, plaintiff sought to permanently enjoin defendants from using Mallard Street for any purpose based on the contention that the private roadway was solely for use by the subdivision. Aside from defendants' use of Mallard Street to access their property, plaintiff also brought claims of negligence, trespass, encroachment, and nuisance, alleging that defendants made changes to their property and/or Mallard Street that caused water to drain onto plaintiff's property, resulting in property damage. Plaintiff asked that defendants be compelled to remove their improvements and to re-dig a purported drainage ditch.

Following defendants' motion for summary disposition, the trial court granted summary disposition under MCR 2.116(C)(7) and (C)(10). The trial court concluded that res judicata and laches barred plaintiff's efforts to prevent defendants from using Mallard Street. Regarding plaintiff's other various claims, the trial court granted summary disposition under MCR 2.116(C)(10) because no material questions of fact remained. Plaintiff now appeals as of right.

On appeal, we review a trial court's decision on a motion for summary disposition de novo. *Beckett-Buffum Agency, Inc v Allied Prop & Cas Ins Co*, 311 Mich App 41, 43; 873 NW2d 117 (2015). Likewise, "whether res judicata bars a subsequent action is reviewed de novo." *Adair v State*, 470 Mich 105, 119; 680 NW2d 386 (2004). When a party's claim is barred by res judicata, summary disposition is properly granted under MCR 2.116(C)(7). *Beyer v Verizon N Inc*, 270 Mich App 424, 435-436; 715 NW2d 328 (2006). In comparison, "[a] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint" and is properly granted when, viewing the evidence in a light most favorable to the nonmovant, there is no "genuine issue regarding any material fact." *Beckett-Buffum Agency, Inc*, 311 Mich App at 43. "A genuine issue of material fact exists when the record, giving the benefit of any reasonable doubt to the opposing party, leaves open an issue on which reasonable minds could differ." *Ernsting v Ave Maria College*, 274 Mich App 506, 510; 736 NW2d 574 (2007).

In this case, insofar as the trial court granted summary disposition under MCR 2.116(C)(7), the decision was correct because res judicata precludes plaintiff's claims that defendants are not allowed to access their property over Blue Goose Avenue and Mallard Street.

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. [*Adair*, 470 Mich at 121 (citations omitted).]

It is undisputed that in 2000 plaintiff filed suit against Richard Saputo, a prior owner of defendants' property, and asserted that he could not use Mallard Street and Blue Goose Avenue to access his property. It is also undisputed that plaintiff agreed to dismissal of that case with prejudice. "[A] voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997). See also *Adam v Bell*, 311 Mich App 528, 532; 879 NW2d 879 (2015). Accordingly, the 2000 lawsuit was decided on the merits and the first element of res judicata was established. The second element of res judicata was established because the 2000 lawsuit involved plaintiff, i.e., the same party, and Saputo, defendants' undisputed predecessor in interest, i.e., defendants' privy. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 13 n 9; 672 NW2d 351 (2003) ("[A] privy includes one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through one of the parties, as by inheritance, succession, or purchase."). The third requirement of res judicata was established because the matter at issue in the instant case, i.e., whether the owners of defendants' property have the legal authority to access their property over Blue Goose Avenue and Mallard Street, was, or could have been, resolved in the 2000 lawsuit. Accordingly, the trial court did not err in ruling that res judicata precluded plaintiff's claims that defendants could not access their property over Blue Goose Avenue and Mallard Street.[2] See *Adair*, 470 Mich at 121.

Plaintiff next argues that the trial court erred in granting summary disposition in favor of defendants on claims of negligence, trespass, encroachment, and nuisance. These various claims relate to property improvements, such as landscaping and fencing, implemented by defendants. Plaintiff maintains that some of the improvements were made to Mallard Street and that ultimately the improvements resulted in water runoff to plaintiff's property. The trial court granted summary disposition under MCR 2.116(C)(10) finding that no material question of fact remained with respect to (1) whether the improvements were within defendants' property boundaries and (2) whether the improvements caused water to flow to plaintiff's property. Plaintiff now argues that the trial court's decision was erroneous. We disagree.

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Quinto v Woodward Detroit CVS, LLC*, 305 Mich App 73, 75; 850 NW2d 642 (2014) (quotation marks and citation omitted). In comparison:

> Trespass is an invasion of the plaintiff's interest in the exclusive possession of his land . . . . In Michigan, recovery for trespass to land is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession. Moreover,

---

[2] Given this conclusion, we need not address plaintiff's substantive arguments concerning defendants' right to access their property via Blue Goose Avenue and Mallard Street. We likewise find it unnecessary to consider whether laches barred these claims by plaintiff or whether the 2005 litigation also served to preclude plaintiff's claims in this case.

-3-

the intrusion must be intentional. [*Terlicki v Stewart*, 278 Mich App 644, 653-654; 754 NW2d 899 (2008) (quotation marks, citations, and brackets omitted).]

Encroachment involves an interference with or an intrusion onto property such as by building or making improvements on another's land or easement. See generally *Kratze v Indep Order of Oddfellows, Garden City Lodge No 11*, 442 Mich 136, 142; 500 NW2d 115 (1993); *Choals v Plummer*, 353 Mich 64, 71-73; 90 NW2d 851 (1958); *Longton v Stedman*, 182 Mich 405, 414; 148 NW 738 (1914). Finally, an individual is

> subject to liability for private nuisance for a nontrespassory invasion of another's interest in the private use and enjoyment of land if (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (*i*) intentional and unreasonable, or (*ii*) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. [*Cloverleaf Car Co v Phillips Petroleaum Co*, 213 Mich App 186, 193; 540 NW2d 297 (1995) (citation omitted).]

Damage occurring due to "natural causes" cannot be a private nuisance.[3] See *Ken Cowden Chevrolet, Inc v Corts*, 112 Mich App 570, 573; 316 NW2d 259 (1982).

In this case, for purposes of our analysis, plaintiff's various claims involve two important contentions: first, that defendants made improvements outside their property to Mallard Street itself, and second, that improvements made to defendants' property and/or Mallard Street caused water to flow to plaintiff's property, resulting in property damage. Plaintiff maintained that the improvements to Mallard Street constituted tortious conduct, and that the water runoff caused by defendants' improvements similarly supported claims of negligence, trespass, encroachment, and nuisance. However, plaintiff's basic contentions are factually unsupported and thus the trial court property granted summary disposition to defendants.

Contrary to plaintiff's assertion that defendants made improvements to Mallard Street, the record shows that any improvements were solely on defendants' property. Jack Shepard, a surveyor retained by *plaintiff*, testified that defendants' improvements were within defendants' property boundaries. A report by Nederveld Engineering confirmed that defendants' improvements were located entirely on their property and did not encroach on Mallard Street. Specifically, the report concluded that "the improvements to [defendants'] property including the

---

[3] Under Michigan's surface-water laws: "The owner of the lower or servient estate must accept surface water from the upper or dominant estate in its natural flow. By the same token, the owner of the dominant estate may not, by changing conditions on his land, put a greater burden on the servient estate by increasing and concentrating the volume and velocity of the surface water." *Boylan v Fifty Eight LLC*, 289 Mich App 709, 726-727; 808 NW2d 277 (2010) (citation omitted).

swale, fence, driveway, and landscaping are located within [defendants'] property boundaries and do not encroach on the Mallard Street [right-of-way] or [plaintiff] Hudson property." Plaintiff has offered no evidence to the contrary, and thus there is no merit to plaintiff's claims that defendants improperly made improvements to Mallard Street.[4]

Plaintiff's assertion that defendants' improvements have resulted in increased water runoff to plaintiff's property are similarly without factual support. In a letter written in 2001 to other owners in the subdivision, plaintiff wrote that "water drainage" was an issue and plaintiff suggested the installation of a sump pump or other, alternative solution. Thus, plaintiff's own statements demonstrate that problems with runoff preexisted defendants' improvements, which occurred after their purchase of the property in 2010. Further, Nederveld Engineering's unrebutted engineering report determined that rainwater does not flow from defendants' property onto plaintiff's property. The report concluded that any accumulation of rainwater on plaintiff's property "is the result of inadequate stormwater management and run-off from Blue Goose and the [Blanche] Hudson property." Aside from vague and self-serving allegations unsupported by evidence, plaintiff offers nothing to contradict Nederveld's conclusions. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) ("Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations . . . but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists."). Thus, summary disposition was properly granted to defendants on plaintiff's claims of negligence, trespass, nuisance, and encroachment premised on the assertion that defendant's improvements resulted in increased water runoff to plaintiff's property.

Plaintiff next argues that summary disposition was improper because defendants allegedly did not serve plaintiff with the "conclusions" of the Nederveld report. Because plaintiff did not object to the trial court's consideration of the report on this basis, plaintiff's claim is unpreserved and reviewed for plain error, which occurs if "(1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (quotation marks and citation omitted). Plaintiff has not shown plain error because there is no evidence that defendants did not serve plaintiff with the report. The report, including the "conclusions" page, was attached to defendants' motion for summary disposition, which was served on plaintiff. And, in fact, at one of the hearings in the trial court, plaintiff demonstrated familiarity with the report, complaining because the report showed a "swale" where plaintiff contended there was a "drainage ditch." Moreover, even assuming plaintiff did not receive the report or the "conclusions" page in particular, plaintiff has failed to explain, and the record does not reveal, how defendants' alleged failure to serve plaintiff with this document affected the outcome of the proceedings. In short, plaintiff has not shown plain error. *See id*.

---

[4] We note that plaintiff has presented no evidence to support the claim that defendants' improvements violated local zoning ordinances.

Finally, plaintiff argues that the trial court, along with defendants and other persons and entities, conspired to do a legal act in an illegal manner contrary to MCL 750.157a. Plaintiff also accuses several persons of perjury and other criminal offenses. However, plaintiff's argument on this point is not well-briefed. "Criminal and civil liability are not synonymous," *Aetna Cas & Sur Co v Collins*, 143 Mich App 661, 663; 373 NW2d 177 (1985), and it is largely unclear to what purpose plaintiff cites these various criminal provisions in the context of this civil litigation involving a property dispute. See *People v Williams*, 244 Mich App 249, 254; 625 NW2d 132 (2001) ("[A] civil action is completely separate and independent from a criminal action."). We note that one of plaintiff's attachments on appeal involves a request for criminal charges against various people and entities. However, "[t]he authority to prosecute for violation of [criminal] offenses is vested solely and exclusively with the prosecuting attorney." *Id.* at 253, citing Const 1963, art 7, § 4; MCL 49.153. Plaintiff is not a prosecutor but rather, at most, the purported victim of the alleged criminal acts and, as such, plaintiff has no authority to determine whether criminal charges should be brought. "[N]owhere in the laws of this state have crime victims been given the authority to determine whether the [penal] code has been violated or whether the prosecution of a crime should go forward or be dismissed." *Williams*, 244 Mich App at 254. Accordingly, plaintiff is not legally entitled to assert criminal charges against defendants or any other party, and we decline to entertain plaintiff's allegations of criminal conduct in the course of this civil litigation.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto