# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

JEFFREY GEORGE CURLE,

        Defendant-Appellee.

UNPUBLISHED
April 25, 2017

No. 330079
Macomb Circuit Court
LC No. 2014-003648-FH

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right an order granting defendant's motion to dismiss after one of the prosecution's witnesses, a police officer, failed to appear for trial for the third time. We reverse and remand for further proceedings.

The prosecution argues that the trial court abused its discretion by dismissing the charges against defendant when it was ready to proceed to trial. This Court reviews a trial court's decision on a motion to dismiss for an abuse of discretion. *People v Humphrey*, 312 Mich App 309, 313-314; 877 NW2d 770 (2015). Likewise, this Court reviews a trial court's decision whether to grant a continuance for an abuse of discretion.[1] *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002). A trial court abuses its discretion when its "decision 'falls outside the range of principled outcomes.' " *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016), quoting *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015).

The trial court's decision to dismiss the charges against defendant rested on two findings: (1) that Officer Jesperson (the officer) was a key witness and vital to defendant's case, and (2) that defendant's trial had already been delayed by adjournments. The officer was the prosecution's witness, but defense counsel informed the prosecutor "at every court date that defendant intended to call both police officers if the prosecution did not call them since they were subpoenaed[.]" While the trial court did not consider the officer a res gestae witness, she

---

[1] "Although our court rule uses the term 'adjournment,' the case law on this subject generally uses the word 'continuance." *People v Jackson*, 467 Mich 272, 276 n 5; 650 NW2d 665 (2002).

-1-

was listed as a known witness on the prosecution's witness list, which also stated that "the list should also be construed as the list of endorsed witnesses that the people intend to call at trial."

"The prosecutor's obligation to identify and produce witnesses is governed by MCL 767.40a[.]" *People v Everett*, ___ Mich App ___, ___; ___ NW2d___ (2017) (Docket No. 328660); slip op at 2. This statute obligates a prosecutor to provide a defendant with a list of witnesses that it intends to produce at trial (endorsed witnesses). *Id*. at ___; slip op at 3. Once a prosecutor endorses a witness, unless he seeks to delete the witness from the list through leave of the court or stipulation of the parties, he is obligated to use due diligence to produce that witness at trial. *Id*. at ___; slip op at 3-4. "If a prosecutor fails to produce a witness who has not been properly excused, the trial court has discretion in fashioning a remedy for the violation of MCL 767.40a, which may include a missing witness instruction." *Id*. at ___; slip op at 4. Endorsement of a witness only obligates the prosecution "to exercise due diligence to produce that witness for trial." *Id*. at ___; slip op at 5. This does not mean that the prosecution is obligated to call the witness to testify, rather, only that she be made available. *Id*. at ___; slip op at 5 n 4.

The officer was an endorsed witness; therefore, the prosecution had a duty to produce her for trial. See *Id*. at ___; slip op at 3-4. The failure of the officer to appear, however, does not necessarily amount to a violation of MCL 767.40a. See *Jackson*, 467 Mich at 279 (explaining that the prosecution is not required to monitor a subpoenaed witness, who it reasonably expects to appear, to "ensure his attendance at trial"). The prosecution properly served the officer with a subpoena and had no reason to expect that she would be unavailable for trial. The officer's nephew was in a car accident on the trial date. This emergency continued to the next day, the adjourned trial date. The trial court understood the officer's reason for failing to appear and did not fault the officer.

Even if the officer's failure to appear was considered a violation of MCL 767.40a, dismissing the charges against defendant when the prosecution is ready to proceed is an abuse of discretion. See *People v Williams*, 244 Mich App 249, 251, 254; 625 NW2d 132 (2001) (holding that the trial court abused its discretion and "usurped the prosecutor's exclusive authority to decide whom to prosecute" when the victim witness failed to appear, but the prosecution "had a viable basis to proceed"). "[T]he decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor." *Id*. at 252. The prosecution told the trial court that it was ready to proceed to trial without the officer's testimony. The trial court never found that there was insufficient evidence or that the prosecutor's actions were illegal or unconstitutional. Thus, without some other basis for dismissing the charges, the trial court abused its discretion.

The trial court's dismissal was based in part on its concern that defendant is able to present a proper defense and that he is not prejudiced by proceeding to trial without the officer. However, there would be no prejudice to defendant by allowing the case to proceed without the officer because both parties ignored the fact that Detective Finkbeiner's report contained the victim's inconsistent statements. Detective Finkbeiner was also an endorsed witness, and his testimony could have served the same purpose as the missing officer's, even though he was not the first officer on scene. Thus, the trial could have proceeded, as requested by the prosecutor, without the officer, and without any prejudice to defendant.

If the trial court was still concerned about any prejudice to defendant, it could have adjourned the trial until the officer was available or given an adverse inference instruction. An adverse inference ("missing witness") instruction may be a proper remedy "[i]f a prosecutor fails to produce a witness who has not been properly excused[.]" *Everett*, ___ Mich App at ___; slip op at 4. Thus, an adverse inference instruction would have been a proper remedy to the officer's absence, especially in conjunction with using the witness's statement in the police report. And, even if the trial court did not believe that an adverse inference instruction was an appropriate remedy, an adjournment was still an available remedy.

After the trial court granted defendant's motion to dismiss, the prosecution argued that an adverse inference instruction was the proper remedy and asked, alternatively, to proceed to trial and finish the trial when the officer was available. While the prosecution never expressly asked for an adjournment, and it did not do so prior to the trial court dismissing the case, it asked to proceed and then inferred it wanted an adjournment by asking that the trial continue when the officer was available. "MCR 2.503(C) governs the granting of adjournments on the basis of the unavailability of a witness[.]" *Jackson*, 467 Mich at 276. A trial court may grant an adjournment if a witness is unavailable, the testimony is material, and "diligent efforts have been made to produce the witness[.]" *Id*. at 277, quoting MCR 2.503(C)(2) (emphasis omitted). "Denial of a continuance is appropriate where a party fails to demonstrate diligent efforts to serve a subpoena." *Id*. at 278. In *Jackson*, our Supreme Court held "that the trial court abused its discretion in denying the [prosecution's] request for a continuance" where a witness failed to appear, but he was properly served a subpoena, and the prosecution had no reason to expect that the witness would not appear. *Id*. at 279.

The prosecution properly served the officer with a subpoena and had no reason to expect that she would be unavailable for trial. According to defendant, the officer was vital to his defense because the officer took the victim's first statement, a proposition to which the trial court agreed. If the trial court believed that the officer was a material witness, her absence would be good cause for an adjournment. *Everett*, ___ Mich App at ___; slip op at 3. However, the officer did not appear to be material to the prosecution, who was seeking to proceed to trial and then adjourn until the officer was available. Because the prosecution was ready to proceed, dismissal of its case was improper, and if the trial court was convinced that the officer was a vital witness, an adjournment would have been the proper remedy. An abuse of discretion occurred.

As for any delay caused by the initial adjournments and potential further adjournment, the prosecution was ready to proceed to trial and only requested an additional adjournment as an alternative remedy to dismissal. Further, the first adjournment was related to defendant's motion to quash, and the second adjournment was at defendant's request. The last two adjournments were due to the officer's failure or inability to appear for trial. However, as this Court has explained, a trial court abuses its discretion when it dismisses charges against a defendant because one of the prosecution's witnesses has failed to appear when the prosecution is prepared to proceed without that witness. *Williams*, 244 Mich App at 251-252; *People v Morrow*, 214 Mich App 158, 162-163; 542 NW2d 324 (1995).

-3-

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly