*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARK ANDREW SEKELSKY,

        Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 352414
Genesee Circuit Court
LC No. 18-043474-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MIKADYN MAULAY PAYNE,

        Defendant-Appellant.

No. 352415
Genesee Circuit Court
LC No. 18-043472-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TREVOR ANTHONY GRAY,

        Defendant-Appellee.

No. 352416
Genesee Circuit Court
LC No. 18-043465-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

-1-

v                                                   No. 352417
                                                    Genesee Circuit Court
TREVOR ANTHONY GRAY,                                LC No. 18-043465-FC

          Defendant-Appellant.

_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                   No. 352475
                                                    Genesee Circuit Court
ALEXZANDER MILLER,                                  LC No. 18-043471-FC

          Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                   No. 352476
                                                    Genesee Circuit Court
MIKADYN MAULAY PAYNE,                               LC No. 18-043472-FC

          Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                   No. 352477
                                                    Genesee Circuit Court
MARK ANDREW SEKELSKY,                               LC No. 18-043474-FC

          Defendant-Appellee.

_____

Before:  STEPHENS, P.J., and SAWYER and BECKERING, JJ.

BECKERING, J. (*concurring*).

I concur with the majority opinion to reverse and remand. Where the prosecutor's charging discretion ends and the trial court's sentencing discretion begins in this case conjures up images of anamorphosis art—it seems heavily dependent upon one's vantage point. But for the reasons set forth here and in the majority opinion, I agree that the trial court abused its discretion by denying the prosecutor's request to *nolle prosequi.* The prosecutor's request was not motivated by anything unconstitutional, illegal, or ultra vires. And his decision to charge defendants in juvenile court after the circuit court allowed them to withdraw their *Cobbs*[1] pleas did not violate the separation of powers doctrine.

Each of the parties in this case argues that the trial court abused its discretion by denying the prosecutor's request for a *nolle prosequi* and that the court violated the separation of powers doctrine in denying that request because charging decisions are within the exclusive authority of the prosecutor. The parties have cited no caselaw where a prosecutor sought to *nolle prosequi* a case that the prosecutor had waived to criminal court under MCL 764.1f[2] after a juvenile defendant withdrew a *Cobbs* plea so that the prosecutor could refile charges in the juvenile court. And I have found no case on point. Thus, this Court must examine the purpose of the *nolle prosequi* statute as well as the scope of power held by the relevant branches of government.

Const 1963, art 3, § 2, states:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch, except as expressly provided in this constitution.

"The conduct of a prosecution on behalf of the [p]eople by the prosecutor is an executive act." *Genesee Co Prosecutor v Genesee Co Circuit Judge*, 386 Mich 672; 683; 194 NW2d 693 (1972) (*Genesee Prosecutor I*) (citation omitted). As an elected official, the prosecuting attorney is responsible for his or her actions to the citizens of his or her county. Const 1963, art 7, § 4. As chief law enforcement officer of a county, the prosecutor has exclusive authority to decide whether to prosecute a person and what charges to file. *People v Williams*, 244 Mich App 249, 251-252; 625 NW2d 132 (2001). "The prosecution is not for the benefit of the injured party, but for the public good." *Id.* at 253. Thus, "the decision whether to dismiss a case or proceed to trial is within the prosecutor's sole discretion." *People v Morrow*, 214 Mich App 158, 165; 542 NW2d 324 (1995).

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] MCL 764.1f(1) states that "[i]f the prosecuting attorney has reason to believe that a juvenile . . . has committed a specified juvenile violation, the prosecuting attorney may authorize the filing of a complaint and warrant on the charge with a magistrate concerning the juvenile."

Entering a *nolle prosequi*[3] ordinarily falls within the prosecutor's broad and independent discretion. However, once an information is filed and a prosecution is underway, MCL 767.29 constrains the prosecutor's power to *nolle prosequi*. In pertinent part, MCL 767.29 provides that "[a] prosecuting attorney shall not enter a nolle prosequi . . . without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court . . . ." This statutory mandate requiring leave of the court replaced the common law principle that dismissal was a prosecutor's prerogative, regardless of the judge's view. *People v Curtis*, 389 Mich 698, 706; 209 NW2d 243 (1973). The statute provides that the prosecutor must state on the record the reasons for seeking a *nolle prosequi* order and must also obtain leave of the court. *People v Glass (After Remand)*, 464 Mich 266, 278; 627 NW2d 261 (2001). Notably, however, the statute is intended to the protect the interests of the criminal defendant by preventing repeated dismissals and subsequent reinstitution of the charges against him resulting in "endless vexations" in the prosecution of criminal cases. *Curtis*, 389 Mich at 705-706. See also *Rinaldi v United States*, 434 US 22, 29 n 15; 98 S Ct 81; 54 L Ed 2d 207 (1977) (the purpose of the "leave of court" provision is to protect a defendant against repeated charges from the prosecution, or where the public interest clearly weighs against the dismissal). A court considering a *nolle prosequi* motion must consider whether the prosecution's reasons for the decision are in concert with the law, the facts, and reason of the case. *Genesee Co Prosecutor v Genesee Co Circuit Court Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974) (*Genesee Prosecutor II*). And a trial court may not substitute its judgment for that of the prosecuting attorney as if it were acting in a supervisory capacity. *Id*.

In the present case, the prosecutor's motion was prompted by an agreement between the prosecution and the defense that the best course for these defendants is juvenile incarceration, rather than adult incarceration. The prosecutor's interest was not in a particular sentence but, rather, in seeking rehabilitation services available only in the juvenile system. Each defense counsel agreed with that goal. There is no hint in the record of improper motive on the part of the prosecuting attorney. Nor is there anything that would permit the conclusion that defendants' interests would be in jeopardy if the *nolle prosequi* request were allowed. Moreover, there has been no suggestion that the public interest clearly weighs against the dismissal, *Curtis*, 389 Mich at 706, where the public interest arguably is served by defendants remaining under juvenile supervision until they are 21.[4] After defendants withdrew their pleas, the parties essentially returned to a pretrial posture. The prosecution chose to exercise its charging discretion by changing the nature of the prosecution from an adult criminal case to a juvenile proceeding. This case is in contrast to cases in which the prosecution exceeded its authority, such as where the prosecution unilaterally attempted to derail trial after the trial court denied a motion to adjourn,[5]

---

[3] "In Michigan, normally *nolle prosequi* is a dismissal without prejudice which does not preclude initiation of a subsequent prosecution." *People v McCartney*, 72 Mich App 580, 585; 250 NW2d 135 (1976).

[4] Of course, defendants are still subject to the judicial imposition of their sentences in juvenile court.

[5] See *People v Borowka*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 346398). Although unpublished opinions are not binding on this

or where the prosecution reneged on a binding agreement to dismiss charges against a defendant if the defendant passed a polygraph examination.[6]

It appears that the trial court determined that the prosecutor's request to *nolle prosequi* was based on an ultra vires and unconstitutional exercise of authority. That is, the court found that the prosecution exceeded its authority because granting a *nolle prosequi* in order to refile charges in juvenile court after the circuit court allowed defendants to withdraw their *Cobbs* pleas was an "attempt to evade the Court's ruling rejecting juvenile sentencing to seek it in another forum." The trial court also seemingly viewed the prosecutor's request as a violation of the separation of powers; namely, it viewed the request as an attempt to usurp the trial court's sentencing discretion and to seek a more desirable resolution in the forum provided by the juvenile court. However, the request for *nolle prosequi* does not appear to be ultra vires or unconstitutional because it falls squarely within the prosecutor's constitutional role. See Const 1963, art 7, § 4. As earlier noted, the decision whether to dismiss a case or proceed to trial rests in the sole discretion of the prosecutor, see *Williams*, 244 Mich App at 252, as does a charging decision. Moreover, "[t]he exercise of the prosecutor's charging discretion routinely affects the sentence that the court may impose upon conviction." *People v Conat*, 238 Mich App 134, 149; 605 NW2d 49 (1999). Indeed, in *Conat*, 238 Mich App at 147-153, this Court held that MCL 764.1f, giving prosecutors discretion to charge juveniles as adults for certain enumerated crimes, and to seek imposition of adult sentences with respect thereto, does not violate the constitutional separation of powers and is a permissible legislative limitation on the sentencing discretion of courts. While the timing of the request to *nolle prosequi* appears suspect in this case, that does not mean that the prosecutor committed an unconstitutional, illegal, or ultra vires act.

As the amicus, Michigan Judges Association,[7] notes in its brief, it appears that the prosecution was using its authority to determine the scope of defendants' sentencing exposure— that is, that defendants would receive the benefits of juvenile incarceration and rehabilitation and not be exposed to adult prison.[8] The prosecution sought to *nolle prosequi* to exercise its charging discretion after defendants withdrew their *Cobbs* pleas in circuit court when the court declined to sentence defendants as juveniles in accordance with those pleas. In other words, the decision to request *nolle prosequi* was a consequence of defendants' withdrawal of their pleas.[9] At that point, the prosecution exercised its charging discretion under MCL 764.1f and chose to refile the charges in juvenile court—admittedly so that the parties' negotiated goal of confinement combined with

---

Court, MCR 7.215(C)(1), they may be considered instructive or persuasive. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 139 n 3; 783 NW2d 133 (2010).

[6] See *People v Reagan*, 395 Mich 306; 235 NW2d 581 (1975).

[7] The amicus brief was filed in defendant Gray's appeal in Docket No. 352416.

[8] This case does not raise a challenge to the propriety of the parties' initial sentencing agreement.

[9] The prosecution seems to agree that if defendants had not withdrawn their pleas and were poised to be sentenced, "it would be too late to change their charging decision."

juvenile rehabilitative treatment could be achieved.[10]  The prosecutor's charging decision after the pleas were withdrawn will affect the sentencing options, but as already explained, it will do so without offending the constitutional doctrine of separation of powers.

Under the presenting circumstances, the prosecutor's act does not appear to be unconstitutional, illegal, or ultra vires, nor does it appear to violate the separation of powers.  Thus, I agree with the majority that the trial court abused its discretion by denying the prosecution's request to *nolle prosequi*.

/s/ Jane M. Beckering

---

[10] Further supporting that the trial court recognized that the matter involved a charging decision are the suggestions from the trial court that the prosecution could reduce the charges to acquire a different set of sentencing guidelines that would not call for a prison sentence, or could bring other adult charges, such as an attempt to commit malicious destruction of property.