*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 23, 2025
12:00 PM

Plaintiff-Appellee,

v

No. 372439
Oakland Circuit Court
LC No. 2024-288070-FH

WILLIE LEE LUCAS,

Defendant-Appellant.

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial conviction of domestic violence, third offense, MCL 750.81(2). Defendant was sentenced as a fourth-offense habitual offender, MCR 769.13, to 250 days in jail. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 25, 2023, police and Emergency Medical Services ("EMS") responded to a domestic violence call in the city of Pontiac. When Officer Calvin Kirkland of the Oakland County Sheriff's Office entered the home, he observed the victim sitting on a couch with bruising around her left eye. Defendant was present in the room and detained. EMS technician, Stephanie Carver, rendered aid to the victim. Defendant was charged as noted.

When the bench trial commenced, the prosecution explained the victim would not be present. Defendant moved to dismiss the case, without prejudice, arguing the prosecution had no complaining witness. The prosecution indicated it was able to proceed on alternate proofs and the trial court denied defendant's motion.

During direct examination, Carver testified that the victim said she was punched in the face. Defendant objected, arguing the evidence was hearsay. The prosecution argued the hearsay was admissible under MRE 803(3) (then-existing mental, emotional, or physical condition), because it was a statement of the victim's then-existing physical condition, and also that "she was giving a statement to a . . . medical professional providing treatment at this time," such that the prosecution also argued the hearsay was admissible pursuant to MRE 803(4) (statement made for

-1-

purposes of medical treatment or diagnosis in connection with treatment), albeit without specifically citing subrule (4). The trial court admitted the evidence under MRE 803.

Defendant also testified at the trial. After defendant claimed he was unaware that he could provide his version of events at any time before trial, the prosecutor questioned defendant on cross-examination about his knowledge of the legal process. The prosecutor asked if defendant had been arrested about 10 times for domestic violence, later changing his question to whether defendant had prior arrests for domestic violence. Defendant agreed he was arrested on more than one occasion for domestic violence and later admitted that he knew he could provide a statement to police at any time, but chose not to do so. The trial court convicted defendant and sentenced him as noted. This appeal followed.

## II. EVIDENTIARY ISSUES

Defendant contends the trial court erred when it: (1) admitted Carver's hearsay testimony under MRE 803(3), which violated his rights under the Confrontation Clauses of the United States and Michigan Constitutions; and (2) permitted the prosecution question defendant regarding previous domestic-violence arrests without it having providing the notice required under MCL 768.27b. While we find that the trial court may have erred, we find that any such error was harmless.

## A. STANDARD OF REVIEW

"A trial court's decision to admit evidence will not be disturbed absent an abuse of discretion." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Id*. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017), aff'd 504 Mich 308 (2019). "[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "[I]t is necessarily an abuse of discretion to admit legally inadmissible evidence." *People v Lowrey*, 342 Mich App 99, 108; 993 NW2d 62 (2022).

Defendant never raised a challenge under the Confrontation Clauses of the federal and Michigan constitutions in the trial court, making this issue unpreserved. See *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012) ("A defendant must raise an issue in the trial court to preserve it for our review."). When preserved, "[w]hether a defendant's Sixth Amendment right of confrontation has been violated is a question of constitutional law that this Court reviews de novo." *People v Bruner*, 501 Mich 220, 226; 912 NW2d 514 (2018). "Because defendant failed to preserve his Confrontation Clause claim, we review the error under the standard for unpreserved constitutional error." *People v Walker (On Remand)*, 273 Mich App 56, 65; 728 NW2d 902 (2006).

Defendant never objected to the prosecution's questions concerning his previous arrests for domestic violence, making this issue unpreserved. *People v Brown*, 326 Mich App 185, 191; 926 NW2d 879 (2018). Unpreserved evidentiary issues are reviewed for plain error affecting

substantial rights. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

## B. ANALYSIS

Defendant raises two evidentiary challenges, the admission of the victim's hearsay statement and the admission of his previous arrests for domestic violence.

## 1. HEARSAY

Defendant contends the victim's statement about having been punched in the face was inadmissible hearsay, and its admission violated his rights under the Confrontation Clauses of the United States and Michigan Constitutions.

## a. ADMISSION OF THE EVIDENCE

"In general, hearsay—an out-of-court statement offered to prove the truth of the matter asserted—may not be admitted into evidence." *People v Green*, 313 Mich App 526, 531; 884 NW2d 838 (2015). Carver's testimony regarding the victim's statement was admitted under MRE 803, which contains exceptions to the rule against hearsay. However, which subrule the victim's statement was admitted under is unclear. In its opening statement, the prosecution argued the victim's statement was admissible as a statement made for purposes of medical treatment and that it intended to offer it pursuant to that hearsay exception (without specifically citing MRE 803(4)). During Carver's testimony and in response to defendant's objection, the prosecution argued MRE 803(3) applied as it was "a statement that was offered for an existing mental, emotional, or physical condition," but also argued "she was giving a statement to a . . . medical professional providing treatment at this time," such that the prosecution also sought admission pursuant to MRE 803(4) (again without specifically citing that subrule). The trial court admitted the statement under MRE 803, but did not specify which subrule it found applicable.

MRE 803 allows for certain hearsay to be admitted "regardless of whether the declarant is available as a witness." MRE 803. MRE 803(3), entitled "Then-Existing Mental, Emotional, or Physical Condition," permits hearsay to be admitted if it is

> [a] statement of the declarant's then-existing state of mind or emotional, sensory, or physical condition (such as intent, plan, motive, design, mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity, or terms of declarant's will.

Statements of mental, emotional, and physical condition, "offered to prove the truth of the statements, have generally been recognized as an exception to the hearsay rule because special reliability is provided by the spontaneous quality of the declarations when the declaration describes

a condition presently existing at the time of the statement." *People v Moorer*, 262 Mich App 64, 68-69; 683 NW2d 736 (2004). "It is well accepted that evidence that demonstrates an individual's state of mind will not be precluded by the hearsay rule." *People v Fisher*, 449 Mich 441, 449; 537 NW2d 577 (1995). "The reason is that the statement is not offered to prove the truth or falsity of the matter asserted, but instead to show the effect on the hearer or reader." *Moorer*, 262 Mich App at 70. "[S]tatements [that] relate to past events . . . are specifically excluded under MRE 803(3) as statements of 'memory or belief to prove the fact remembered or believed . . . .' " *Id*. at 73, quoting MRE 803(3).

Hearsay is admissible under MRE 803(4) if it (1) "is made for—and is reasonably necessary to—medical treatment or diagnosis in connection with treatment" and (2) "describes medical history, past or present symptoms or sensations, their inception, or their general cause." Our Supreme Court discussed the application of MRE 803(4) and held:

> In order to be admitted under MRE 803(4), a statement must be made for purposes of medical treatment or diagnosis in connection with treatment, and must describe medical history, past or present symptoms, pain or sensations, or the inception or general character of the cause or external source of the injury. Traditionally, further supporting rationale for MRE 803(4) are the existence of (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient. [*People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992).]

Again, while the prosecution argued MRE 803(3) allowed for the admission of the hearsay, it also argued it was a statement for purposes of medical treatment pursuant to MRE 803(4) (without specifically citing that subrule) in its opening statement and during Carver's testimony and in response to defendant's objection. As noted above, under MRE 803(4), hearsay is admissible when the statement is made for the purpose of medical treatment and explains the cause of the injury. Carver, an EMS technician, was rendering aid to the victim and inquired how she was injured. The victim responded by telling Carver she was punched in the face. The victim described her injury and how she was injured while seeking medical attention. As such, her statement was admissible hearsay under MRE 803(4). *Meeboer*, 439 Mich at 322.

Defendant argues the victim's statement was still inadmissible hearsay, because Carver was an EMS technician, not a law enforcement officer, and the prosecution cannot rely upon MCL 768.27c. MCL 768.27c allows for a statement by a declarant to be admitted if the statement: (a) narrates, describes, or explains the infliction or threat of physical injury; (b) the offense involves domestic violence; (c) the statement was made near or at the time of infliction or threat of physical injury; (d) the statement was made "under circumstances that would indicate the statement's trustworthiness;" and (e) the statement was made to a law enforcement officer. MCL 768.27c(1).

While defendant is correct that MCL 768.27c would not apply in this instance, the prosecution never relied on the statute as a basis for the admission of Carver's testimony. As indicated, the prosecution claimed Carver's testimony was admissible under MRE 803(3)-(4).

While the trial court never specified under which subrule of MRE 803 it admitted the hearsay evidence, this is irrelevant to resolve this issue on appeal. If the trial court admitted Carver's testimony under MRE 803(4), then it did not err. Even if defendant is correct that the trial court admitted Carver's testimony under MRE 803(3), and that it was not admissible under that subrule, "[t]his Court will not reverse when a lower court reaches the right result for the wrong reason." *People v Hawkins*, 340 Mich App 155, 195; 985 NW2d 853 (2022).[1] Because the hearsay was admissible under MRE 803(4), reversal is not warranted. *Id*.

### b. CONFRONTATION CLAUSE

Defendant argues admission of the victim's hearsay statement violated his rights under the Confrontation Clauses. Because this issue was unpreserved, defendant must first demonstrate an error occurred. *Carines*, 460 Mich at 763.

The United States and Michigan Constitutions each establish and protect a defendant's right to confront witnesses. US Const, Am VI; Const 1963, art 1, § 20. "The right is implicated only for 'testimonial' evidence, because the Confrontation Clause applies to 'witnesses' against the accused—in other words, those who 'bear testimony.'" *Bruner*, 501 Mich at 227, quoting *Crawford v Washington*, 541 US 36, 51; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "The right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *People v Watson*, 245 Mich App 572, 584; 629 NW2d 411 (2001).

"The threshold question for any Confrontation Clause challenge, therefore, is whether the proffered evidence is testimonial." *Bruner*, 501 Mich at 227. " 'Testimony' is 'a solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id*., quoting *Crawford*, 541 US at 51. "[T]he Sixth Amendment bars the admission of testimonial statements by a witness who does not appear at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness." *People v Dendel (On Second Remand)*, 289 Mich App 445, 453; 797 NW2d 645 (2010). "A pretrial statement is testimonial if the declarant should reasonably have expected the statement to be used in a prosecutorial manner and if the statement was made under circumstances that would cause an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id*.

"The Supreme Court held that statements are not testimonial 'when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.'" *Id*. at 454, quoting *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006). "On the other hand, '[t]hey are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.'" *Dendel*, 289 Mich App at 454 (alteration in original), quoting *Davis*, 547 US at 822.

---

[1] To be clear, because we need not decide whether the evidence was admissible under MRE 803(3), we decline to make a determination on that issue.

Defendant does not provide an argument explaining why the victim's statement was testimonial; instead, he simply concludes that it was. In this case, the victim told Carver she was punched in the face in response to Carver's question about how she was injured. The police were responding to a call concerning a possible domestic violence situation, and Carver was rendering medical assistance as an EMS technician. The victim spoke with Carver, and the record does not indicate Officer Kirkland spoke with the victim at that time. Carver's subsequent report states that the victim was injured shortly before treatment. There was no evidence that the police interrogated the victim or Carver in an attempt to establish past events to aid in criminal prosecution. Further, the victim never identified who punched her in the face, indicating the victim may not have had a reasonable expectation that her statement would be used at trial. *Dendel*, 289 Mich App at 453.

While defendant contends the victim's statement was testimonial, the (1) short time between the assault and Carver's treatment; (2) the victim's lack of an identification of her assailant; and (3) the victim disclosing this assault to Carver and not Kirkland, demonstrates the victim's statement was made in seeking medical assistance and not to establish criminal culpability or to support an investigation. The victim's statement was not testimonial, and the Confrontation Clauses do not apply. See *Bruner*, 501 Mich at 227. Accordingly, defendant is unable to demonstrate an error occurred. *Carines*, 460 Mich at 763.

## 2. PREVIOUS ARRESTS

Defendant contends the trial court erred when it allowed the prosecution to question him about his previous arrests for domestic violence. Defendant argues the prosecution never provided notice of its intent to use defendant's previous arrests as required by MCL 768.27b. Because this issue was unpreserved, defendant must first demonstrate an error occurred. *Carines*, 460 Mich at 763.

"Generally, under MRE 404(b), 'evidence of other crimes, wrongs, or acts of an individual is inadmissible to prove a propensity to commit such acts.' " *People v Propp*, 508 Mich 374, 384; 976 NW2d 1 (2021) (citation omitted). "However, this Court has acknowledged that MCL 768.27b 'in certain instances expands the admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1) . . . .' " *Id*. at 384, quoting *People v Mack*, 493 Mich 1, 2; 825 NW2d 541 (2012). "The language of MCL 768.27b clearly indicates that trial courts have discretion 'to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403.' " *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011), quoting *People v Pattison*, 276 Mich App 613, 615; 741 NW2d 558 (2007).

MCL 768.27b states, in relevant part:

(1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, sexual assault, or a violation of chapter LXVII or chapter LXVIIA of the Michigan penal code, 1931 PA 328, MCL 750.448 to 750.462 and 750.462a to 750.462h, evidence of the defendant's commission of other acts of domestic violence, sexual assault, or acts constituting violations of chapter LXVII or chapter LXVIIA of the Michigan penal code, 1931 PA 328, MCL 750.448 to 750.462 and 750.462a to 750.462h, is admissible for any

purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

(2) If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered, to the defendant not less than 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown.

\* \* \*

(4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section unless the court determines that 1 or more of the following apply:

(a) The act was a sexual assault that was reported to law enforcement within 5 years of the date of the sexual assault.

(b) The act was a sexual assault and a sexual assault evidence kit was collected.

(c) The act was a sexual assault and the testing of evidence connected to the assault resulted in a DNA identification profile that is associated with the defendant.

(d) Admitting the evidence is in the interest of justice.

The prosecutor's questions about defendant's previous arrests for domestic violence challenged defendant's claim that he did not know he could provide his version of events before trial. The prosecution first asked defendant if he had previously been arrested for domestic violence on 10 occasions. From the transcript, it appears defendant stammered that he was not sure, and the prosecution then reworded its question to "how about on more than one occasion you know you've been arrested for DV?" Defendant then answered, "Yes." The prosecution then asked if defendant was familiar with the legal process because of his experience in his other cases and defendant again answered, "Yes."

While the prosecution argues it never used defendant's previous arrests to show he committed other acts of domestic violence, MCL 768.27b still applied. The trial court has the discretion to admit evidence of a defendant's previous instances of domestic violence to prove *any issue*, including character, under MCL 768.27b. *Cameron*, 291 Mich App at 609. In this instance, the prosecution used defendant's previous arrests for domestic violence to prove he was aware of the criminal investigation and prosecution process and that he knew that he could have provided his version of events before trial. Accordingly, the prosecution was required to provide notice under MCL 768.27b(2).

Defendant claims the prosecution never provided notice of the evidence of his previous domestic violence arrests, despite MCL 768.27b(2) providing that, "the prosecuting attorney *shall disclose the evidence*," if they intend to offer such other acts evidence. (Emphasis added.) MCL 768.27b(2) does not specify the form in which such notice is to be provided.

-7-

The prosecution provided defendant notice of two instances of his previous domestic violence convictions in its notice of intent to seek sentence enhancement on March 15, 2024. The notice met the "not less than 15 days" before trial requirement, because the bench trial commenced on June 12, 2024. However, the prosecution did not provide notice that it would ask defendant about his 10 previous arrests for domestic violence, and it did not provide "a summary of the substance of any testimony that is expected to be offered" (except with regard to sentence enhancement for domestic violence, third offense). While defendant was aware that at least two of his previous convictions would be used at trial, he was not notified the prosecutor would attempt to use his other arrests.

To the extent that the trial court erred by allowing the prosecutor to question defendant about his 10 alleged earlier arrests for domestic violence, such error was harmless. "[A]lthough failure to provide [MCL 768.27b or MRE 404(b)(2)] notice constitutes plain error, it may be deemed harmless and therefore not grounds for reversal." *Lowrey*, 342 Mich App at 117, citing *People v Hawkins*, 245 Mich App 439, 453-455; 629 NW2d 105 (2001). In *Hawkins*, this Court identified the three purposes of the notice requirement in MRE 404(b)(2): (1) "to force the prosecutor to identify and seek admission only of prior bad acts evidence that passes the relevancy threshold;" (2) "to ensure that the defendant has an opportunity to object to and defend against this sort of evidence;" and (3) "to facilitate a thoughtful ruling by the trial court that either admits or excludes this evidence and is grounded in an adequate record." *Hawkins*, 245 Mich App at 454-455. *Lowrey* adopted *Hawkins*' three purposes for MRE 404(b)(2) notice as likewise being the purposes for notice under MCL 768.27b. *Lowrey*, 342 Mich App at 117.

No evidence of defendant's 10 previous arrests for domestic violence was actually admitted at trial. While the prosecution asked defendant whether he had 10 previous arrests for domestic violence, defendant's answer was essentially that he did not know, i.e., he did not acknowledge having been previously arrested 10 times for domestic violence. The prosecution did not present any other evidence on that issue, meaning there was no evidence admitted at trial establishing that defendant had been previously arrested more than two times for domestic violence. Because the trial court is presumed to know the applicable law during a bench trial, *People v Lanzo Const Co*, 272 Mich App 470, 484; 726 NW2d 746 (2006), we presume the trial court made its findings based solely on admissible evidence.[2]

The prior convictions admitted in evidence were relevant and not unfairly prejudicial. In *Lowrey*, this Court discussed *Hawkins*'s application of notice and found

> the additional other-acts evidence was relevant and not outweighed by unfair prejudice, and the defendant never suggested how he would have reacted differently to this evidence had the prosecutor given notice, notice to [the defendant] would *not have had any effect* on whether the trial court should have admitted it at trial, regardless of the record or arguments that could have been developed and

---

[2] In its findings of fact in this matter, the trial court noted that it admitted as evidence two stipulated exhibits pertaining to defendant's prior convictions for domestic violence, i.e., it admitted evidence pertaining to two prior convictions for domestic violence, not 10 arrests.

articulated following notice." [*Lowrey*, 342 Mich App at 117 (quotation marks and citation omitted, alteration in original).]

In this case, the prosecution used defendant's previous arrests to establish his knowledge of the criminal investigation and prosecution process, and to establish that defendant had a sufficient number of prior convictions to be found guilty of domestic violence, third offense. Additionally, the trial court was aware of defendant's previous convictions of domestic violence: (1) by the nature of his charge; (2) the notice of intent for sentence enhancement; and (3) through pretrial hearings. At a hearing on March 22, 2024, the trial court noted defendant had multiple domestic violence arrests, which defendant acknowledged.

Defendant fails to explain how the lack of notice of his other charges impacted his ability to defend himself against his previous arrests. As explained, the prosecution asked defendant about his previous arrests to clarify whether he knew the pertinent criminal investigation and prosecution processes to impeach his testimony that he was unaware he could provide a statement before trial. The prosecution acknowledged defendant chose to remain silent, but focused its questioning on demonstrating defendant's knowledge of the investigation and prosecution procedure, rather than demonstrating his character and propensity for domestic violence.

In summation, the prosecution attempted to use defendant's 10 alleged previous domestic violence arrests to challenge his testimony, which made MCL 768.27b applicable. *Cameron*, 291 Mich App at 609. MCL 768.27b does not specify the form in which notice must be provided. Defendant fails to explain how knowledge of the prosecution's intent to use his having been arrested for prior domestic violence "on more than one occasion" would impact his ability to defend himself against the proffered evidence. The evidence of defendant's two prior domestic violence convictions was disclosed and relevant to the prosecution's questions. Further, the trial court and defendant were aware of the existence of multiple domestic violence arrests, defendant acknowledged more than one such arrest in his trial testimony, and other evidence of them was not ultimately admitted at trial. As such, while the prosecutor never provided notice, any error that occurred when it was allowed to nonetheless question defendant about those 10 arrests was harmless. *Lowrey*, 342 Mich App at 117.

## III. DISMISSAL

Defendant argues the trial court erred when it denied his motion to dismiss. We disagree.

## A. STANDARD OF REVIEW

"We review a trial court's decision on a motion to dismiss charges against a defendant for an abuse of discretion." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). "A trial court may be said to have abused its discretion only when its decision falls outside the range of principled outcomes." *Id*.

## B. ANALYSIS

While defendant contends the trial court erred when it denied his motion to dismiss, defendant fails to provide an argument for this issue. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he

give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "Defendant's failure to cite any supporting legal authority constitutes an abandonment of this issue." *Watson*, 245 Mich App at 587.

Even if defendant did not abandon this issue, there was no error. This Court held: "[T]he decision whether to dismiss a case or proceed to trial ultimately rests in the sole discretion of the prosecutor." *People v Williams*, 244 Mich App 249, 252; 625 NW2d 132 (2001). While the victim never appeared for trial, she also did not appear for the preliminary examination. The prosecution explained it was prepared to proceed to trial on alternative proofs, which was within its discretion. *Id.* As such, the trial court did not err when it denied defendant's motion to dismiss. See *id.* at 254-255 (determining the victim's failure to appear did not necessarily preclude the prosecution from proceeding to trial, and the trial court erred when it granted the defendant's motion to dismiss).

## IV. PROSECUTORIAL ERROR

Defendant claims the prosecutor engaged in misconduct when he implied the exercise of his right to remain silent and to consult with an attorney established guilt. We disagree.

## A. STANDARD OF REVIEW

When preserved, "[w]e generally review de novo claims of prosecutorial misconduct on a case-by-case basis, in the context of the issues raised at trial, to determine whether a defendant was denied a fair and impartial trial." *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010). Defendant failed to preserve this issue when he failed to object to the prosecutor's questions and request curative instructions. *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017).

"Because the challenged prosecutorial statements in this case were not preserved by contemporaneous objections and requests for curative instructions, appellate review is for outcome-determinative, plain error." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Once again, "[t]o avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

## B. ANALYSIS

Defendant contends the prosecutor erred when he inquired about defendant refusing to make a statement and exercising his right to counsel. Defendant argues the prosecutor's inquiry into defendant's exercise of his rights implied he was guilty.

"Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *Unger*, 278 Mich App at 236. "They are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id.* "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). "Given that a prosecutor's role and responsibility is to seek justice and not

merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. at 63. "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64.

"A defendant's constitutional right to remain silent is not violated by the prosecutor's comment on his silence before custodial interrogation and before *Miranda*[3] warnings have been given." *People v McGhee*, 268 Mich App 600, 634; 709 NW2d 595 (2005). But when a defendant is silent after he has been arrested and advised of his *Miranda* rights, this Court held:

> A defendant's right to due process guaranteed by the Fourteenth Amendment is violated where the prosecutor uses his postarrest, post-*Miranda* warning silence for impeachment or as substantive evidence unless it is used to contradict the defendant's trial testimony that he made a statement, that he cooperated with police, or that trial was his first opportunity to explain his version of events. [*People v Solmonson*, 261 Mich App 657, 664; 683 NW2d 761 (2004).]

Because this issue is unpreserved, defendant must first demonstrate an error occurred. *Carines*, 460 Mich at 763.

Defendant cites the prosecutor's cross-examination of defendant regarding his contesting Officer Kirkland's testimony. But defendant fails to mention that it was defendant's attorney, not the prosecutor, who first raised the issue on direct examination. The following questions between defense counsel and defendant occurred at trial.

Q Okay. Were you afforded an opportunity to explain anything to the police that night?

A Yes.

Q Okay. And did you take advantage of that opportunity, or did you remain silent?

A I chose to remain silent.

Defendant testified that he chose to remain silent because he wanted to speak to an attorney. Defendant then claimed the victim was injured in the roommate's room. On cross-examination, the prosecutor asked defendant why he never spoke with the police to provide his version of events. Defendant answered that he chose to remain silent, but then claimed he did not know he could speak and provide his version of events until the trial.

The prosecutor specified that he was questioning defendant's claim that he did not know he could speak until trial. While the prosecutor cannot use defendant's post-*Miranda* silence as impeachment evidence, he can contest defendant's claim that he thought he could only explain his version of events at trial. See *Solmonson*, 261 Mich App at 664. The prosecutor's questions about

---

[3] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

defendant's silence, which addressed his claim regarding his opportunity to speak, were permitted by the trial court. *Id*. Again, because this was a bench trial, it is presumed the trial court was aware of the applicable law. See *Lanzo Constr*, 272 Mich App at 484. As such, defendant failed to establish an error occurred. *Carines*, 460 Mich at 763.

Defendant also contends the prosecutor used his exercise of his right to an attorney against him. Defendant cites no questions or comments made by the prosecutor regarding defendant's exercise of his right to counsel. A review of the trial transcript also fails to demonstrate the prosecutor commented or questioned defendant on this issue. Accordingly, the defendant demonstrates no prosecutorial misconduct or error on this issue.

For the first time on appeal, defendant claims the prosecutor referenced evidence that was not in the record when questioning defendant. "To the extent that these statements might be interpreted as additional claims of error, defendant has abandoned them by failing to identify them in his statement of the questions presented. . . ." *People v Haynes*, 338 Mich App 392, 435 n 5; 980 NW2d 66 (2021). Because this issue is abandoned, we decline to address it.[4]

V. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends defense counsel was ineffective. We disagree.

A. STANDARDS OF REVIEW

When preserved, "[t]he question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Defendant never moved for a new trial or hearing under *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), making this issue unpreserved. *Heft*, 299 Mich App at 80; *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). "This Court reviews unpreserved claims of ineffective assistance of counsel for errors apparent on the record." *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020).

B. ANALYSIS

The Michigan and United States Constitutions guarantee criminal defendants the right to be represented by an attorney. Const 1963, art 1, § 20; US Const, Am VI. "The constitutional right to counsel is not merely the right to have a lawyer stand or sit nearby; rather, a criminal defendant has the right to the effective assistance of counsel." *People v Otto*, 348 Mich App 221, 231; 18 NW3d 336 (2023). "A defendant must meet two requirements to warrant a new trial

---

[4] We note defendant challenged the prosecutor's questions during his cross-examination and not his statements made during closing. A review of the record and the prosecutor's questions demonstrates the prosecutor was attempting to admit evidence. Defendant responded to the prosecutor's questions, agreeing with them at times and denying them at times. "[A] prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Brown*, 294 Mich App 377, 383; 811 NW2d 531 (2011).

because of the ineffective assistance of trial counsel." *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To establish a claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *Fyda*, 288 Mich App at 450.

"Trial counsel's performance is deficient when it falls below an objective standard of professional reasonableness." *People v Hughes*, 339 Mich App 99, 105; 981 NW2d 182 (2021). To demonstrate deficient performance, "the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *People v Anderson*, 490 Mich 281, 290; 806 NW2d 676 (2011). "When reviewing defense counsel's performance, the reviewing court must first objectively 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015), quoting *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The defendant then must show that "but for counsel's deficient performance, a different result would have been reasonably probable." *Armstrong*, 490 Mich at 290. "Defendant also 'bears the burden of establishing the factual predicate for his claim.' " *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015), quoting *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant contends defense counsel was ineffective for failing to: (1) object to Carver's hearsay testimony and argue it was inadmissible under MRE 803 or MCL 768.27c; (2) request the prosecution demonstrate due diligence in producing the victim; (3) raise an objection under the Confrontation Clause; and (4) move for a mistrial.

Defendant argues "there cannot be any strategic purpose for failing to argue that [Carver's] statement was not admissible under MRE 803 or MCL 768.27c." However, defense counsel objected to Carver's testimony about what the victim told her, arguing it was inadmissible hearsay. The prosecutor argued MRE 803(3)-(4) applied, and the trial court admitted it. While defense counsel did not argue against the prosecution's claim, the trial court admitted the evidence before defense counsel could respond. Further, as discussed, the evidence was admissible under MRE 803(4). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). As such, defendant fails to establish deficient performance. *Fyda*, 288 Mich App at 450.

While defendant claims defense counsel should have requested that the prosecution produce the victim because she was the complaining witness, he fails to develop an argument to support his position. Defendant does not explain: (1) what defense counsel's failure was, (2) how it amounted to deficient performance, and (3) how it was prejudicial to him. "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Further, defendant must establish the factual basis for his claim, which he failed to do. *Putman*, 309 Mich App at 248. Because no *Ginther* hearing was held, there is no record of defense counsel's actions, or lack of action, before trial. Moreover, this issue is unpreserved, limiting review to errors apparent on the record. *Spaulding*, 332 Mich App at 656. When the prosecution informed defendant and the trial court the victim would not be present, defense counsel moved to dismiss the charge. While the motion was denied, defense counsel's actions were not "outside the wide range of professionally competent assistance.' " *Jackson (On Reconsideration)*, 313 Mich App at 431.

-13-

Defendant argues, "there cannot be any strategic purpose for failing to raise the violation of the confrontation clause." As discussed, the Confrontation Clause applies to testimonial evidence, *Bruner*, 501 Mich at 227, and the victim's statement was nontestimonial. Defense counsel was not ineffective for failing to raise a meritless objection. *Ericksen*, 288 Mich App at 201.

Defendant argues defense counsel was ineffective for failing to move for a mistrial. Defendant included this claim in his statement of questions presented, but failed to develop an argument supporting his position, abandoning the issue. See *McPherson*, 263 Mich App at 136 ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue."). Defendant fails to cite an occurrence or alleged error that warranted a mistrial. " 'A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial.' " *People v Beesley*, 337 Mich App 50, 54; 972 NW2d 294 (2021), quoting *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017). While not a motion for a mistrial, defense counsel moved to dismiss the charge against defendant when the prosecution disclosed the victim would not appear for the trial. To the extent defendant alleges defense counsel was deficient for failing to move for a mistrial when the witness never appeared, defense counsel's performance was not deficient. *Jackson (On Reconsideration)*, 313 Mich App at 431.

As discussed, defendant fails to demonstrate defense counsel's performance was deficient in each challenge. Consequently, defense counsel was not ineffective. See *Fyda*, 288 Mich App at 450 ("To establish a claim of ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense."). Even if defense counsel erred, defendant never addressed how that deficient performance prejudiced him. See *Putman*, 309 Mich App at 248 (holding that a defendant must establish the factual basis for his claim.).

## VI. CUMULATIVE ERROR

Defendant maintains the errors he raised on appeal, considered cumulatively, warrant a new trial. We disagree.

## A. PRESERVATION AND STANDARDS OF REVIEW

Generally, a defendant must raise an issue before the trial court to preserve it for appeal. *Heft*, 299 Mich App at 78. However, the cumulative-error doctrine is a standalone appellate claim, allowing a defendant to argue that the cumulative effect of the other errors identified on appeal—whether those claims were preserved or unpreserved for appellate review—collectively deprived him or her of a fair trial. See *Collins v Secretary of Pennsylvania Dep't of Corrections*, 742 F3d 528, 541-543 (CA 3, 2014) (holding that cumulative error is a standalone appellate claim premised on the prejudice caused by identifiable trial errors). Because a claim of cumulative error involves weighing the underlying claims of error identified on appeal to determine whether those errors

warrant reversal in the aggregate,[5] and this Court's review depends on whether and to what extent the underlying errors were themselves preserved or unpreserved,[6] it logically follows that a defendant need not raise such a claim in the trial court before he or she can ask this Court to review the cumulative effect of the errors on appeal. While defendant did not raise this issue in the trial court, by the nature of the claim, it is preserved. "We review this issue to determine if the combination of alleged errors denied defendant a fair trial." *Dobek*, 274 Mich App at 106.

## B. ANALYSIS

Defendant argues because of the short length of the trial, "[t]he individual errors were so pronounced that the cumulative effect of these errors warrants a new trial."

"The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Dobek*, 274 Mich App at 106. "Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *Id*.

As discussed: (1) defense counsel was not ineffective; (2) the prosecutor did not commit misconduct; (3) defendant's rights under the Confrontation Clauses of the United States and Michigan Constitution were not violated; and (4) the trial court did not err when it denied defendant's motion to dismiss.

Because Carver's testimony was admissible under MRE 803(4), the trial court did not err by admitting her testimony as described above. The trial court may have committed error when it allowed the prosecution to question defendant about 10 previous alleged arrests for domestic violence, since the prosecution failed to provide notice under MCL 768.27b, but any such error was harmless for the reasons stated above. Thus, while there may have been an error in this matter, it was harmless, and defendant was not denied a fair trial. *Dobek*, 274 Mich at 106-107. As such, defendant failed to establish an error occurred, forfeiting this issue. *Carines*, 460 Mich at 763.

## VII. CONCLUSION

For the reasons stated above, we affirm.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[5] See *People v LeBlanc*, 465 Mich 575, 591-592; 640 NW2d 246 (2002).

[6] See *United States v Caraway*, 534 F3d 1290, 1301-1302 (CA 10, 2008).

-15-